# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HUDSON INSURANCE COMPANY** | § § § | |
| VS. | § § § | C.A. NO. 5-19-cv-00137 |
| **ALAMO CRUDE OIL, LLC, NATHAN MICHAEL JOHNSON, AND AMTRANS EXPRESS, LLC** | § § § | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, HUDSON INSURANCE COMPANY ("Hudson" or "Plaintiff Hudson"), the insurance company which issued a Non-Trucking Auto Liability Policy, No. TIS40101-127595, issued to Pablo Castaneda, and for its Complaint for Declaratory Judgment against Defendants Alamo Crude Oil, LLC ("Alamo"), Nathan Michael Johnson ("Mr. Johnson"), and Amtrans Express, LLC ("Amtrans") states and alleges as follows:

## I.
## Parties, Jurisdiction and Venue

1. In this action, Hudson seeks a judicial determination and declaratory judgment from this Court pursuant to 28 U.S.C. Section 220, *et seq.*, the Federal Declaratory Judgment Act, and Federal Rule of Civil Procedure 57, in regard to the parties' rights and obligations under a Non-Trucking Auto Liability Policy, No. TIS40101-127595, which Hudson issued to Named Insured, Pablo Castaneda, for the policy period of January 1, 2015 to January 1, 2016 (sometimes referred to as "the Policy" or "the NTL Policy"). Mr. Castaneda is a Managing Member of Alamo.

2. Hudson seeks and is entitled to a declaratory judgment because there is *no coverage* under the NTL Policy for any of the Defendants for the claims and allegations alleged against them in Cause No. A-16-08-0808-CV; *Karina B. Mendoza Sanchez, Individually and a/n/f of Artemio Sanchez, Incapacitated, et al v. Genuine Parts Company, et al*; In the 70th Judicial District Court of Ector County, Texas (the "Underlying Suit"), which arises out of an accident that occurred on March 4, 2015.[1] Specifically, there are no Underlying Suit allegations which bring any of the Defendants within the scope of Who Is An Insured under the Policy. Beyond that and independently, in order for there to be *any coverage* under the Policy, there must be a compliant Long Term Lease Agreement between named insured, Mr. Castaneda, and Amtrans, the motor carrier, which was in effect when the accident occurred. Here, no such compliant Lease Agreement existed and thus, no such Lease Agreement can be shown. In addition, and again independently, even if any coverage could be triggered, the Policy's Business Purpose Exclusion applies to preclude coverage.

3. Hudson is an insurance company formed under the laws of the State of Delaware. Hudson's principal place of business is located at 100 William Street, 5th Floor, New York, New York 10038. Thus, for purposes of 28 U.S.C. 1332 and diversity jurisdiction, Hudson is a citizen of the State of Delaware and the State of New York.

4. Defendant Alamo Crude Oil, LLC ("Alamo") is an entity which was formed under the laws of the State of Texas, and its principal place of business is located in Texas. Service of process can be effectuated on Alamo through its Registered Agent, Mrs. Ana Castaneda, at 730 Cypresscliff Drive, San Antonio, Texas 78245, or at any other location where she can be found.

---

[1] Mr. Castaneda is not a party Defendant in the Underlying Suit; thus, he is not named or included as a party Defendant in this Complaint.

5. Defendant Nathan Michael Johnson ("Mr. Johnson") is an individual residing in San Antonio, Texas. Defendant Mr. Johnson can be served with process at 20489 Campbellton Road, San Antonio, Texas 78264-4689, or at any other location where he can be found.

6. Defendant Amtrans Express, LLC ("Amtrans") is an entity which was formed under the laws of the State of Texas and its principal places of business is located in the State of Texas. Defendant Amtrans can be served through its registered agent, Mr. Ismael A. Ramirez, at 124 2nd Street, Ben Bolt, Texas 78342 or at any other location where he may be found.

7. A justiciable controversy exists between Hudson and the Defendants as to whether Hudson has a duty to defend or a duty to indemnify the Defendants under the NTL Policy in connection with the claims asserted against them in the Underlying Suit.

8. This Court has diversity jurisdiction under 28 U.S.C. Section 1332. As shown above, there is complete diversity of citizenship between Hudson and the Defendants. Also, the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Pursuant to 28 U.S.C. Section 1391, this action is properly venued in the United States District Court for the Western District of Texas, San Antonio Division, because Defendants Alamo and Mr. Johnson reside in this District. 28 U.S.C. § 1391(b)(1) and (c)(2). Thus, venue is proper as to all Defendants in this District. Id. at § 1391(b)(1) – (c)(2).

## II.
## General Allegations

### *The NTL Policy*

10. As stated above, Hudson issued the *Non-Trucking* Automobile Liability Policy to Named Insured, Mr. Castaneda, an individual. He is a Managing Member of Alamo. If any coverage is triggered under the NTL Policy, then the coverage applies to the vehicle identified in the Policy's Certificate of Insurance - a 2003 Volvo Truck/Tractor ("the Truck") - while such

vehicle is being operated for *non-commercial operations*. With this, the NTL Policy would generally provide coverage (subject to other exclusions, provisions, etc.) to an insured if the operator/driver of the Truck was simply "bobtailing" (without a Trailer attached) and without any intent to perform any business-related activity for the motor carrier to which the Truck had been leased/rented.

11. In the Policy's Certificate of Insurance ("COI"), it states that the "insurance coverage provided under this Certificate is subject to all of the terms, conditions and exclusions of the policies identified" on the Certificate, which includes the NTL Policy. Importantly, the Certificate identifies "Pablo Castaneda", an individual, as the "Named Insured" and as the "LESSOR/CONTRACTOR." The Certificate provides that coverage is afforded for the described vehicle on the Certificate, and the Truck is the only vehicle described/identified. The Certificate identifies "Amtrans" as the "LESSEE/MOTOR CARRIER", and stipulates that "<u>[n]o coverage is afforded if a valid, long term lease agreement doesn't exist between the Lessor/Contractor[Pablo Castaneda] and a motor carrier.</u>" (Emphasis provided)

12. In the Introductory Part of the Non-Trucking Liability Coverage Form, the Policy states that "the words you and your refer to the Named Insured shown in the Certificate of Insurance". (emphasis provided) The same Introductory Section then clearly states that the Policy "does <u>not</u> provide commercial trucking liability coverage for commercial operations that are intended to generate economic or commercial benefit." (emphasis added) This Section further provides that the Policy "expressly excludes coverage for any covered auto…'while used in the business <u>of anyone</u> to whom the auto is rented.'" (emphasis added) (<u>Citing</u> Section II, Liability Coverage B, Exclusion 15)

4

13. Under Section I. – "Covered Autos," the Policy states that "[t]his insurance applies *only* to those covered autos:

> (i) that are scheduled and designated in each Named Insured's Certificate of Insurance that is attached to and forming a part of this policy in accordance with the procedures set forth below; and
>
> (ii) <u>for which at the time of accident or loss, there is a valid long term lease agreement existing *between the Named Insured* [Pablo Castaneda] *and a motor carrier*.</u>" (emphasis added)

14. Under Section II – "LIABILITY COVERAGE," subpart A, the Policy provides as follows:

> "We [Hudson] will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto.
>
> \*\*\*
>
> We have the right and duty to defend any insured against a claim or suit asking for…[bodily injury or property] damages or a pollution cost or expense. However, we have no duty to defend any insured against a claim claim or suit seeking damages for bodily injury or property damage…to which this insurance does not apply…"

15. Under the Policy, "insureds" include the Named Insured (Mr. Castaneda), and with certain exceptions, anyone using the vehicle identified in the Policy's Certificate of Insurance (the Truck) with the Named Insured's permission. The Policy mandates that an "insured" does *not* include several classes of individuals and entities, including a "motor carrier", which the Policy defines to mean "a licensed or certificated person or company authorized by the U.S. Department of Transportation or by a like agency of any state that uses commercial motor vehicles that have been designated on your 'Certificate of Insurance' and either (i) is paid to

5

provide transportation of property belonging to others; or (ii) provides truck transportation of its own property, usually as a part of a business that produces, uses, sells and/or buys the property being hauled."

16. Under the Policy's "Exclusions" Section, the Policy pertinently provides as follows:

> B. Exclusions
>
> "[T]his insurance does not apply to any of the following:
>
> 15. Business Purpose
>
>> Bodily injury or property damage arising from the use of a covered auto:
>>
>> a. While used to carry property in any business or en route for such purpose.
>>
>> b. While used in the business of anyone to whom the covered auto is rented."

### *The Underlying Suit*

17. The Underlying Suit involves and arises from the March 4, 2015 accident which allegedly resulted in injuries to Artemio Sanchez ("the accident"). The party Plaintiffs are Mr. Sanchez, his wife Karina B. Mendoza Sanchez, and their minor children – Artemo Sanchez, Jr.; Francisco Sanchez; and Karina M. Sanchez. The Plaintiffs' live pleading in the Underlying Suit is their Third Amended Petition ("the Petition"), a true and correct copy of which is attached hereto as Exhibit "1". In the Underlying Suit, the Defendants are Genuine Parts Company, Black Horse Carriers, Inc., Christopher Vavra, Alamo, Amtrans, and Mr. Johnson (sometimes collectively referred to as the "Underlying Suit Defendants"). When Mr. Johnson and Alamo were added and named as Defendants in the Underlying Suit, in good faith, Hudson provided a defense to them under a reservation of rights. The motor carrier, Amtrans, has been defended

under its Liability Policy, which applies to provide coverage for it and the driver of the Truck when it is being used in regard to the business of Amtrans.

18. When the accident occurred, Mr. Johnson was driving/operating the 2003 Volvo Truck/Tractor identified in the Policy's Certificate of Insurance. At that time, the Truck was owned by *Alamo*, which had leased/rented it to Amtrans. And Amtrans' placard, with its Federal and State identification numbers, was affixed to the Truck's driver's side door.

19. In the Plaintiffs' live pleading in the Underlying Suit, it is alleged that *Alamo* had leased the Truck *from Amtrans*, which means that according to the allegations, there was no lease agreement between the Named Insured, Mr. Castaneda, and Amtrans, the motor carrier, as required in order to trigger *any* coverage under the Hudson NTL Policy. Beyond that, it is indisputable that when the accident occurred, there was no compliant long-term lease agreement between Mr. Castaneda and Amtrans, which is required and mandatory to trigger any coverage under the Policy.

20. When the accident occurred, Mr. Johnson was traveling westbound on IH-20 and according to the Underlying Suit allegations, he allegedly committed negligent acts and also allegedly failed to timely apply his brakes to avoid traffic that had backed-up on the highway, which the Plaintiffs further allege caused or contributed to Mr. Sanchez ultimately being struck, which they then allege resulted in catastrophic injuries. The Petition alleges that when the accident occurred, Mr. Johnson was acting within the course and scope of his employment for Alamo; was driving in furtherance of a mission for the benefit of Alamo; and/or was subject to Alamo's control as to the details of his mission. Similarly, the Petition also alleges that Mr. Johnson was acting as an agent for Amtrans; working within his actual authority for Amtrans; driving in furtherance of a mission for its benefit; and/or was subject to Amtrans' control as to

7

the details of his mission. As to both Defendants, the Petition alleges that both Alamo and Amtrans are directly liable for common law negligence and vicariously liable based on *respondeat superior*.

21. It is undisputable that when the accident occurred, Mr. Johnson was traveling westbound on IH-20 because he was on his way to pick-up a load and then haul that load for Amtrans. It is likewise undisputable that: (a) when the accident occurred, Mr. Johnson had a Trailer attached to the Truck so that he could pick-up and haul the load for Amtrans; (b) throughout the time that Mr. Johnson drove and operated the Truck, he *exclusively* hauled for Amtrans; and (c) throughout the time that Mr. Johnson's drove and operated the Truck, including when the accident occurred, the Amtrans' placard referenced above was affixed on the Truck's driver's door. In the Plaintiffs' live pleading in the Underlying Suit, there are no allegations regarding *why* Mr. Johnson was traveling westbound on IH-20 and thus, no allegations pertaining to any of these facts.

22. At the time of the accident, Amtrans was a "motor carrier" as defined by the Policy. As outlined above, Amtrans is identified as the "LESSEE/MOTOR CARRIER" on the Policy's Certificate of Insurance. Also, Amtrans was a licensed company authorized by the U.S. Department of Transportation or by a like agency of any State, which had leased/rented the Truck from Alamo. Also, as set forth above, the Amtrans placard was on the Truck's driver side door and the Truck was being used as a part of transporting property belonging to others *or* was being used as a part of providing truck transportation of its own property, as a part of a business that produces, uses, sells and/or buys the property being hauled.

8

## III.
## Claim For Relief
## (Declaratory Judgment)

23. Hudson incorporates by reference all facts and allegations contained in Paragraph Nos. 1 through 22 as set forth in this Complaint.

24. First, none of the Defendants are insureds under the Policy. To this extent, there are no Underlying Suit Petition allegations which bring Amtrans, Alamo, or Mr. Johnson within the scope of "Who Is An Insured" under the Policy. Beyond that, and independently, Amtrans is identified on the Certificate as the motor carrier and it otherwise qualifies as a "motor carrier" such that it is expressly *excepted* from being an insured under the Policy.

25. Second, and independently, under Section I of the Policy, no coverage has been triggered as to, or for any, insured under the NTL Policy. Pertinent to such Section, when the accident occurred, there was no "long term lease agreement" in existence between Mr. Castaneda, the Named Insured, and Amtrans, the motor carrier. And this requirement, which is necessary and mandatory in order to trigger any coverage, is consistent with the Policy's Certificate of Insurance, which mandates that "[n]o coverage is afforded if a valid, long term lease agreement doesn't exist between the Lessor/Contractor [Pablo Castaneda] and a motor carrier." Here, the Plaintiffs' live pleading in the Underlying Suit conclusively negates any coverage under the NTL Policy because it is alleged that Alamo leased the truck *from* Amtrans. Beyond this, if necessary, Hudson will show that there was no compliant long term lease agreement in effect between the Named Insured (Pablo Castaneda) and Amtrans, as strictly required by the Hudson Policy, when the accident occurred. Accordingly, even if any of the Defendants here are alleged to be "insureds" using/operating the Truck with Mr. Castaneda's permission, they still have no coverage under the Policy for the Underlying Suit's claims and

allegations because there is no compliant lease agreement between Named Insured, Mr. Castaneda, and Amtrans.

26. Third, and again, independently, even *if* any coverage under the NTL Policy was/is triggered, *which it is not*, the Policy's Business Purpose Exclusion has also been triggered. Because Mr. Johnson was traveling westbound on IH-20 *to pick-up and then haul a load for Amtrans*, he was using, driving, and operating the 2003 Truck "in the business of" Amtrans, to which the Truck had been leased/rented by Alamo. Hudson will show that the Policy's Business Purpose Exclusion, which applies when the Truck is being used "in the business of" an entity to which it has been leased, has been broadly interpreted and applied by the Fifth Circuit and Federal Courts within this Circuit. It has certainly been triggered based on the facts set forth above regarding Mr. Johnson's business use of the Truck for Amtrans when the accident occurred. See Empire Fire & Marine Ins. Co. v. Brantley Trucking, Inc., 220 F.3d 679, 682 (5th Cir. 2000); Mahaffey v. General Security Ins. Co., 543 F.3d 738, 743-744 (5th Cir. 2008); see also Sentry Select Ins. Co. v. Drought Transp., LLC, 2016 WL 6236375 (W.D. Tex. 2016). The Policy's Business Purpose Exclusion has also been triggered because Mr. Johnson was undisputably "en route" for the purpose of carrying property "in any business," that is, he was en route to pick-up and then haul a load (property) for Amtrans. *Therefore, the Policy's Business Purpose Exclusion has been triggered by one or both separate and independent clauses.*

27. In addition, without waiving the foregoing, if necessary, the consideration of extrinsic evidence is appropriate under the exception of the eight-corners rule, which the Fifth Circuit has recognized and applied, to establish one or more of the grounds outlined above. See Star-Tex Resources, LLC v. Granite State Ins. Co., 553 Fed. Appx. 366 (5th Cir. 2014); Ooida Risk Retention Group, Inc. v. Williams, 579 F.3d 469 (5th Cir. 2009); Western Heritage Ins. Co.

v. River Entertainment, 998 F.2d 311 (5th Cir. 1993). Again, there are no Underlying Suit Petition allegations which bring Amtrans, Alamo, or Mr. Johnson within the scope of Who Is An Insured under the Policy and beyond that, the Petition allegations conclusively negate the existence of a valid and compliant long term lease agreement in order to trigger *any* coverage under the Policy. Even *if* either, or both, is not true, these are fundamental issues/questions of coverage and evidence establishing Amtrans' status as a "motor carrier" (such that it is not an insured under the Policy) and evidence establishing the *absence* of the required and compliant long term lease agreement between Mr. Castaneda and Amtrans does not overlap with the merits or conflict with the allegations of the Underlying Suit. Further, the focus of the Policy's Business Purpose Exclusion is on the 2003 Truck, and extrinsic evidence regarding *why* Mr. Johnson was traveling westbound on IH-20 when the accident occurred and/or his purpose for doing so, which is not addressed in the Underlying Suit Petition, is also vital to determining whether there is any coverage under Hudson's *Non-Trucking* Liability Policy, and does not conflict with any of the Underlying Suit allegations or overlap with its merits. See Sentry Select Ins. Co. 2016 WL 6236375 at *5-*6 Also, the Fifth Circuit has recognized that the consideration of extrinsic evidence is particularly appropriate when an exclusion is at issue. See Star-Tex Resources, 53 Fed. Appx. at 371-372; Ooida Risk Retention, 579 F.3d at 476.

28. For these independent reasons, Hudson is entitled to a judicial declaration that it has no duty or obligation under its NTL Policy to defend or indemnify Alamo, Mr. Johnson, or Amtrans for the claims and allegations alleged against them in the Underlying Suit.

## IV.
## Prayer For Relief

**WHEREFORE, HUDSON INSURANCE COMPANY**, which issued the Non-Trucking Auto Liability Policy No. TIS40101-127595 to Named Insured, Pablo Castaneda, respectfully requests that this Court enter a declaratory judgment in its favor and against the Defendants as follows:

- A. declaring that the NTL Policy does not provide coverage for the claims and allegations in the Underlying Suit against Defendants in this action;

- B. in view of A., declaring that Hudson has no duty to defend or indemnify Defendant Nathan Michael Johnson, Defendant Alamo Crude Oil, LLC., or Defendant Amtrans Express, LLC in connection with any of the claims or allegations alleged against them in the Underlying Suit;

- C. declaring that Hudson is authorized to withdraw from providing and paying for the defense of both Defendant Mr. Johnson and Defendant Alamo for any of the claims and allegations alleged against them in the Underlying Suit;

- D. awarding Hudson's its costs as allowed by Statute; and

- E. awarding such other relief as the Court deems just and equitable pursuant to applicable law, including Federal Rule of Civil Procedure 57.

Dated this _14_ day of __February__, 2019.

Respectfully submitted,

By:_____
**KEN E. KENDRICK**
Federal I.D. No. 6244
State Bar No. 11278500
kkendrick@ksklawyers.com
**STEVE E. COUCH**
Federal I.D. No. 12298
State Bar No. 04875650
scouch@ksklawyers.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF HUDSON INSURANCE COMPANY**

**OF COUNSEL:**

**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056
713-595-6000 - Telephone
713-595-6001 - Facsimile